```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

 KEVIN ORSON CHARLES D BEY,

                        Plaintiff,             MEMORANDUM & ORDER
                                               25-CV-3616 (EK)(JRC)
             -against-

 FIDELITY INVESTMENTS, LLC a/k/a
 FIDELITY BROKERAGE SERVICES LLC,

                        Defendant.

-------------------------------------x
```

ERIC KOMITEE, United States District Judge:

In December, this Court decided that Kevin Orson Charles Dey Bey's case against Fidelity Brokerage Services LLC — seeking confirmation of an alleged arbitration award — was barred by the doctrine of *res judicata*. *See Bey v. Fid. Invs., LLC*, No. 24-CV-317-EK, 2024 WL 5497140 (Dec. 31, 2024). The doctrine applied because Bey's claim against Fidelity was decided on the merits when a federal district court in Pennsylvania held the arbitration award could not be confirmed. *See id.* at *3. Therefore, I dismissed Bey's case with prejudice.

Undeterred, Bey filed a new case in New York state court, seeking to confirm the same alleged arbitration award. Complaint, ECF No. 1-1. Fidelity removed the case to this Court and moved to dismiss, arguing that the newly filed case is barred by *res judicata*. *See* ECF Nos. 1, 2. Bey failed to

respond.  The Court then gave Bey a fourteen-day extension, noting that if he did not, the motion would be deemed unopposed. Docket Order dated July 9, 2025.  He did not respond.

Fidelity's motion to dismiss is granted.  This case is now dismissed, again with prejudice.

## I.   Discussion

Bey's complaint confirms that he seeks confirmation of the same award that he sought confirmation of in Case No. 24-cv-317.  *See* Compl. at 3-4.[1]  This is now (at least) his fifth suit seeking confirmation of this arbitral award.  *See Bey v. Fid. Invs., LLC,* No. 1:24-CV-00317, 2024 WL 5497140, at *1 & n.2 (E.D.N.Y. Dec. 31, 2024) (listing prior cases).  Like the other courts to consider this "award," this Court doubts its validity.[2] *See, e.g., id.* at *2; Memorandum and Order 12, *Bey v. Fidelity Investment LLC.*, No. 5:23-cv-920 (E.D.P.A. Mar. 14, 2023) ("Penn. Op."), ECF No. 6.

But regardless of the Court's view of the merits, this case must be dismissed.  Bey seeks the same relief he did in Case No. 24-cv-317, against the same party.  And that case was dismissed with prejudice, which "is a ruling on the merits that

---

[1] All page numbers refer to ECF pagination.
[2] Bey claims that the "AAMS" arbitral tribunal awarded him fifty billion dollars.  *See* Compl. at 3-4.  As Judge Smith noted in adjudicating Bey's case, AAMS does not seem to be a legitimate arbitral body.  Penn Opp. at 12. ("implausible that the AAMS is a valid arbitration entity").  It also seems unlikely Bey was awarded fifty billion dollars.

2

precludes a plaintiff from relitigating – in any court, ever again – any claim encompassed by the suit." *Harty v. W. Point Realty, Inc.*, 28 F.4th 435, 445 (2d Cir. 2022) (cleaned up).

Given the serial filings described above, Bey is warned that "[i]f a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to the judicial system." *Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005). The instant case duplicates Bey's earlier case before this Court, which was itself duplicative of earlier suits elsewhere. The Court will not tolerate vexatious litigation. Further frivolous filings may result in the issuance of an order prohibiting plaintiff from filing any future lawsuits in this Court without first obtaining leave.

## II. Conclusion

The instant case is dismissed with prejudice. The Clerk of Court is respectfully directed to mail a copy of this order to the *pro se* plaintiff and to terminate this case.

SO ORDERED.

/s/ Eric Komitee
ERIC KOMITEE
United States District Judge

Dated:    August 28, 2025
          Brooklyn, New York

3